**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| TERESA MEANEY, | : |
|  | : |
|  | : |
| Plaintiffs, | : Civil Action No.: |
| v. | : |
|  | : |
| NATIONSTAR MORTGAGE, | : |
|  | : **JURY TRIAL DEMANDED** |
| Defendants. | : |
|  | : |
|  | : |
|  | : |
|  | : |

## COMPLAINT

1.      For almost the entire duration of her mortgage loan, Plaintiff Teresa Meaney has paid on time.  That, however, has not stopped Defendant Nationstar Mortgage ("Nationstar") from routinely accusing her of delinquency.  Nationstar has repeatedly failed in its notice and information duties.  In spite of these notice failures, however, Plaintiff has still made every effort to remain current on her mortgage.  In return for her efforts and as a result of Defendant's errors, she now faces delinquency notices, ruined credit, and false information about her sent to her former husband.

2.      Accordingly, Plaintiff brings this action based on Defendants' violations of the Real Estate Settlement Procedures Act ("RESPA"), the Maryland Consumer Debt Collection Act (the "MCDCA"), Maryland statutory disclosure provisions, and Common Law of Maryland.

## JURISDICTION

3.      This Court has subject matter jurisdiction to consider and determine this matter

1

pursuant to 28 U.S.C. §§ 1331 and 1334.

4.     This Court has supplemental jurisdiction to hear all state law claims pursuant to

28 U.S.C. § 1367.

5.     Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and all Defendants transact business here.

## PARTIES

6.     Plaintiff Teresa Meaney is a natural person who resides in the City of Clarksburg,

State of Maryland.

7.     Defendant Nationstar is a bank and mortgage servicer that does business in

Maryland and has its principal place of business in Dallas, Texas.

## FACTS

### Home Ownership and Bankruptcy Filing

8.   On or about May 9, 2005, Plaintiff obtained an adjustable rate mortgage loan from

Countrywide Home Loans, Inc.

9.   Plaintiff was the sole borrower named on the mortgage loan note ("Note").  *See* Note,

attached hereto as Exh. A.

10.  The loan was secured by Plaintiff's home at 143-4 Lewisdale Road, Clarksburg,

Maryland ("Lewisdale home").

11. At the time Plaintiff obtained the loan, she was married to Michael Meaney and co-

owned the Lewisdale home with him.

12. Based on the requirement that the deed of trust include both homeowners, whether or not

they were borrowers, Plaintiff and Mr. Meaney jointly executed a deed of trust ("Deed of Trust")

with Countrywide on the Lewisdale home.  *See* Deed of Trust, attached hereto as Exh. B.

13. Bank of America assumed ownership of the Note and the Deed of Trust in or around 2008, as the successor in interest to Countrywide.

14. Plaintiff entered into a loan modification with Bank of America, dated February 15, 2010.

15. On September 29, 2011, Mr. Meaney, filed a petition for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, in the Bankruptcy Court for the District of Maryland.

16. As his wife and the holder of numerous joint assets and accounts, Plaintiff joined in the bankruptcy petition.

17. Plaintiff was current on her mortgage debt at the time of filing.

18. On or about September 17, 2012, Mr. Meaney was dismissed from the bankruptcy case. *See*, Notice of Dismissal, attached hereto as Exh. C.

19. Shortly thereafter, on October 2, 2012, Plaintiff and Mr. Meaney began what would be very contentious divorce proceedings.

20. On December 14, 2012, Bank of America, via Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, Inc., assigned Plaintiff's Deed of Trust to HSBC Bank USA, NA ("HSBC").

21. In a letter dated June 10, 2013, Bank of America contacted Plaintiff to inform her that Nationstar would be assuming the servicing of her loan.

22. Following Mr. Meaney's dismissal from the bankruptcy proceeding, Plaintiff continued in the bankruptcy process, making regular payments pursuant to the confirmed Chapter 13 Plan and obtained a discharge on October 26, 2015.

**Consent Order**

23. In 2014, Plaintiff fell behind on her mortgage payments that accrued after the filing of her bankruptcy case.

24. On July 29, 2014, HSBC filed a Motion for Relief from Stay in the then-pending bankruptcy case, claiming that Plaintiff was in default in the amount of $8,782.37.  *See* Motion for Relief from Stay, attached hereto as Exh. D.

25. On or about July 31, 2014, Plaintiff made a payment of $8,819 to eliminate her arrearages.  *See* Transaction Activity, attached hereto as Exh. E.

26. On August 27, 2014, Plaintiff entered a consent order (the "Order") to prevent the automatic stay from being lifted and to cure her default.  *See* Consent Order, attached hereto as Exh. F.

27. Pursuant to the Order, Plaintiff agreed to pay $3,637.34 in arrearages—a total that covered her August and September 2014 payments.  The Order required Plaintiff to make an initial payment of $1915.01, her regular monthly payment amount, then six monthly payments of $287.05 between September 2014 and February 2015.  Her next regular monthly payment would not be due until October 2014.  *Id.*

28. Plaintiff made all payments pursuant to the Order, completing her monthly payments in December 2014 rather than February 2015.  *See* Exh. E.

**Misapplication of Payments**

29. Nationstar failed to credit one or more of Plaintiff's payments following the Order.

30. As a result, beginning no later than March 2015, Nationstar deemed Plaintiff delinquent and began sending her mortgage statements following her bankruptcy indicating various past due amounts.  *See* Mortgage Statements, attached hereto as Exh. G.

31. During this time, Nationstar improperly charged Plaintiff late fees and other erroneous charges based on its own flawed accounting.

32. Throughout this time, Plaintiff remained current on her mortgage payments.

4

33. Nonetheless, on January 19, 2016, Nationstar sent Plaintiff a Notice of Intent to Foreclose. *See* Notice of Intent, attached hereto as Exh. H.

34. Notwithstanding the Notice of Intent to Foreclose, less than two weeks later, in a letter dated February 2, 2016, Nationstar confirmed that Plaintiff was current on her payments. *See* February 2, 2016 Letter from Nationstar, attached hereto as Exh. I.

35. Plaintiff's timely payment in February 2016 did not prevent Nationstar from charging her multiple fees. *See* February 2016 Transaction Activity, attached hereto as Exh. J.

36. Nationstar also used as an unspecified fee $51.99 Plaintiff had directed as an overpayment towards principal. *Id.*

37. Nationstar's flawed accounting was manifest in a letter responding to a CFPB inquiry about Plaintiff's account, informing the CFPB that Plaintiff was no longer in good standing on her loan modification.  See March 2015 CFPB Letter, attached hereto as Exh. K.

38.  As of December 23, 2015, however, Nationstar referenced the upcoming "successful completion" of Plaintiff's modification, and, notably, it accepted payments from Plaintiff at the rate set forth in her loan modification.  See December 23, 2015 Nationstar Letter, attached hereto as Exh. L.   Nationstar disregarded Plaintiff's February payment entirely in a March 2016 letter responding to a CFPB inquiry about Plaintiff's account, informing the CFPB that Plaintiff's next payment was due on February 1, 2016.  *See* Nationstar Letter to CFPB, attached hereto as Exh. K.

39. In the same letter, Nationstar represented to the CFPB that Plaintiff was no longer in good standing on her loan modification. *Id.*

40. Even so, as of December 23, 2015, Nationstar referenced the upcoming "successful completion" of Plaintiff's modification, and, notably, it accepted payments from Plaintiff at the

rate set forth in her loan modification.  *See* December 23, 2015 Nationstar Letter, attached hereto as Exh. L.

### Notice of Increased Interest Rate

41. On April 24, 2015, Plaintiff received notice, as an attachment to an e-mail, that her adjustable interest rate had increased and was increasing her monthly payments.  *See* April 24, 2015 Letter, attached hereto as Exh. M.

42. The notice attached to the e-mail was a letter directed to Plaintiff's former bankruptcy attorney, dated January 8, 2015.  *See* Letter to Sessing, attached hereto as Exh. N.

43. Nationstar did not send the January 8, 2015 letter to Plaintiff prior to April 24, 2015.

44. The adjustment took effect on February 1, 2015.

45. At that time, Plaintiff was not receiving mortgage statements based on the pendency of her bankruptcy, but Nationstar, as servicer for HSBC, was no longer subject to the automatic stay.

46. Nationstar deemed Plaintiff's two mortgage payments between February 1, 2015 and April 24, 2015 insufficient because she had paid at the previous rate, lacking any notice that the rate had adjusted.

47. Upon receiving notice of the adjustment, Plaintiff immediately cured the alleged delinquency.

48. Nationstar was required to send notice of the change to Plaintiff, not to her attorney, and certainly not to her former attorney.

49. Pursuant to Md. Code Ann., Comm. Law. § 12-118(6), Plaintiff should not have had any delinquency at all and should not have been required to begin paying at the higher rate until 15 days after the notice was sent *to her*.

6

**Disclosure of False Information to Mr. Meaney**

50. On or about December 13, 2013, Mr. Meaney conveyed his interest in the Lewisdale home to Plaintiff.

51. Though Mr. Meaney remained on the Deed of Trust, Mr. Meaney no longer had the power to provide a security interest in a property in which he no longer had any legal rights.  *See* Md. Code Ann., Comm. Law § 9-203(b)(2).

52. Mr. Meaney was similarly removed from all property tax bills relating to the Lewisdale home.

53. Plaintiff informed Nationstar of her former husband's removal from all title and tax records and his lack of any interest in the property.

54. Nationstar ignored this direct notice as well as the public record that indicated Mr. Meaney's lack of interest in the Lewisdale home under Maryland law.

55. Nationstar sent a Notice of Intent to foreclose, dated January 19, 2016, to Mr. Meaney at both the Lewisdale home and at his current address.  *See* Michael Meaney Notice of Intent, attached hereto as Exh. O.

56. Plaintiff was current on her loan at the time, and the Notice of Intent injected embarrassing false information into a highly volatile relationship between ex-spouses and co-parents of a minor child.

57. The disclosure of false information to her ex-husband also caused Plaintiff significant emotional distress.

**Inaccurate Credit Reporting**

58. Plaintiff reviewed copies of her consumer reports from Experian, Equifax, and TransUnion, all dated March 30, 2016.  *See* March Credit Reports, attached hereto as Exh. P.

59. At the time, the Equifax report was accurate.

60. The reports from Experian and TransUnion, however, listed Plaintiff's account with Nationstar as 60 days delinquent for June, July, and August 2015.

61. Plaintiff sent dispute letters, dated March 31, 2016, to both Experian and Transunion, copying Nationstar.  *See* Experian and TransUnion Dispute Letters, attached hereto as Exhs. Q and R.

62. Upon information and belief, both Experian and TransUnion timely notified Nationstar of the disputes, pursuant to their statutory duty to do so.

63. On May 1, 2016, Experian issued a reinvestigation report inaccurately listing Plaintiff as 30 days delinquent in November of 2014 and 2015 and 60 days delinquent in October 2014 and January, February, April, May, June, July, and August 2015.  *See* Experian Reinvestigation Report, attached hereto as Exh. S.

64. On May 2, 2016, TransUnion issued a reinvestigation report inaccurately listing Plaintiff as 30 days delinquent in December of 2014 and 2015 and 60 days delinquent in October and November 2014 and January, February, March, May, June, and July 2015.  *See* TransUnion Reinvestigation Report, attached hereto as Exh. T.

65. Plaintiff was current in each of the months Nationstar reported her delinquent to Experian and TransUnion.

66. Following Plaintiff's disputes with Experian and TransUnion, Nationstar began inaccurately reporting to Equifax that her account was 60 days delinquent in October and December 2014 and January, February and April, May, June, and July 2015, and 30 days delinquent in November 2014 and 2015.  *See* May 10, 2016 Equifax Report, attached hereto as Exh. U.

67. Plaintiff was current on her mortgage in each of those months.

68. In a letter dated May 17, 2016, Plaintiff disputed the Equifax report.  *See* Equifax dispute, attached hereto as Exh. V.

69. In a reinvestigation report, dated June 21, 2016, Equifax and Nationstar continued to inaccurately report delinquencies, now listing some level of delinquency in each month from October 2014 to December 2015.  *See* Equifax Reinvestigation Report, attached hereto as Exh. W.

70. Nationstar is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

71. Nationstar breached its duty to follow reasonable procedures.

72. Nationstar acted willfully, as illustrated by its retaliatory reporting to Equifax following Plaintiff's Experian and TransUnion disputes.

73. Due to Nationstar's failure to conduct a reasonable investigation of Plaintiff's disputes, the inaccurate reports of delinquencies on all of Plaintiff's credit reports were not appropriately deleted or modified.

74. As a result of Nationstar's inaccurate reporting, Plaintiff's credit scores dropped substantially.

75. Also as a result of Nationstar's inaccurate reporting, Plaintiff was denied financing to repair a broken heat pump in her home.  She was forced to delay the repair, in the middle of winter, in order to obtain financing, which she was only able to secure by guaranteeing it with a lien against her home.

**Qualified Written Request**

76. On or about March 23, 2016, Plaintiff, through her attorney Seth W. Diamond, sent a

qualified written request for information about her loan, including a full transaction history, pursuant to 12 U.S.C. § 2605(e), attached hereto as Exh. X.

77. Nationstar responded to Plaintiff with an acknowledgement letter, dated April 5, 2016, that indicated that it would follow up with a substantive response by April 18, 2016, attached hereto as Exh. Y.

78. Nationstar never provided a substantive response to Plaintiff's inquiry.

**Additional Damages**

79. As a result of Nationstar's action, Plaintiff has suffered severe emotional distress and anxiety.

80. The stress of Nationstar's constant indications of delinquency, as well as the threat of foreclosure and disclosure to her ex-husband, have caused physical symptoms, including acid reflux.

81. As a result of Plaintiff's anxiety and the medical treatment that resulted from it, Plaintiff was unable to maintain a longstanding life insurance policy and has been unable to obtain a new policy.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**
**15 U.S.C. § 1639f and 12 C.F.R. § 1026.36(c)(1)**

82.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

83.    Plaintiff is a natural person whose principal dwelling is secured by a security interest and is therefore a "consumer" as that term is defined in 12 C.F.R. § 1026.2(a)(11).

84.     Nationstar is responsible for servicing a mortgage loan on a residential property, the loan for which was made by a federally-insured lender.  Nationstar is therefore a "servicer" as that term is defined in 12 C.F.R. § 1024.2(b).

85.     Nationstar failed to credit one or more of Plaintiff's payments on her mortgage loan, including, but not limited to, payments pursuant to the August 29, 2014 Consent Order, in violation of 15 U.S.C. § 1639f and 12 C.F.R. § 1026.26(c)(1)(i).

86.     Plaintiff did not hold partial payments pursuant to the Consent Order in a suspense account, pursuant to 12 C.F.R. § 1026.36(c)(1)(ii).

87.     Nationstar failed to credit one or more payments as a partial payment towards principal, retaining it, instead, as a fee for itself, in violation of 12 C.F.R. § 1026.36(c)(1)(ii).

88.     As a result of Nationstar's failure to promptly credit Plaintiff's payments, she suffered actual damages, including, without limitation, fees, harm to her credit, and emotional distress from Nationstar's relentless insistence that she was overdue, including, without limitation, a Notice of Intent to Foreclose.  Plaintiff is therefore entitled to recover actual damages from Nationstar pursuant to 15 U.S.C. § 1640(a)(1).

1.     Nationstar's actions and omissions render it liable for statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(i).

2.     Plaintiff is entitled to recover costs and attorney's fees from Nationstar pursuant to 15 U.S.C. § 1640(a)(3).

## COUNT II
## VIOLATION OF MD. CODE ANN., COMM. LAW  § 12-118

89.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

90.     Nationstar services an adjustable-rate mortgage on Plaintiff's home.

91.     Nationstar sought to increase the interest rate of Plaintiff's mortgage effective February 1, 2015.

92.     Nationstar failed to notify Plaintiff directly more than 15 days in advance of February 1, 2015, by either periodic statement or other written notice, of the interest rate increase.

93.     Nationstar is not subject to any notice pursuant to 15 U.S.C. § 1692c(c).

94.     Nationstar was not subject to the automatic stay in Plaintiff's bankruptcy at the time.

95.     Nationstar's failure to notify Plaintiff violated Md. Code Ann., Comm. Law §12-118(6).

96.     As a result of Nationstar's failure to notify Plaintiff of the rate change, she suffered actual damages, including, without limitation, late fees, harm to her credit, and payment of an increased rate for several months before proper notice would have required her to do so.  Plaintiff is therefore entitled to recover actual damages from Nationstar for its violation.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)

97.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

98.     Nationstar willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

99.     As a result of Nationstar's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses in challenging the Nationstar's wrongful representations, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

100.    Nationstar's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

101.    Plaintiff is entitled to recover costs and attorney's fees from Nationstar pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
## 12 U.S.C. § 2605

102.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

103.    Nationstar is responsible for receiving scheduled periodic payments Plaintiff's mortgage loan and making payments to HSBC on principal and interest and is therefore a "servicer" as that term is defined in 12 U.S.C. § 2605(i)(2)-(3).

104.    Plaintiff, through her attorney, sent a written request for information to Nationstar, as the servicer of her mortgage, pursuant to 12 U.S.C. § 2605(e).

105.    The request contained sufficient information to enable Nationstar to identify Plaintiff's name and account.

106.    The request provided sufficient detail regarding the information sought, including Plaintiff's name, address, and account number.

107.    Nationstar failed to respond to Plaintiff's inquiry within 30 days of her request, in violation of 12 U.S.C. § 2605(e)(2)(C).

108.    As a result of Nationstar's violation, Plaintiff is entitled to recover actual and/or statutory damages pursuant to 12 U.S.C. § 2605(f)(A) and (B), as well as costs and attorney's fees, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT V
## MARYLAND CONSUMER DEBT COLLECTION ACT

13

## MD. CODE ANN., COMM. LAW §§ 14-201 - 14-204

109.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

110.    Plaintiff's mortgage loan is a transaction involving real property for personal, family, or household purposes and is, accordingly, a "consumer transaction" as that term is defined in Md. Code Ann., Comm. Law § 14-201(c).

111.    Nationstar collects or attempts to collect on Plaintiff's mortgage loan, a consumer transaction, and is accordingly a "collector" s that term is defined in Md. Code Ann., Comm. Law § 14-201(b).

112.    Beginning in October 2015 and in violation of Md. Code Ann., Comm. Law § 14-202(8), Nationstar regularly listed Plaintiff's account as past due and demanded arrears and late fees.

113.    Nationstar knew or should have known that Plaintiff was current on her mortgage at that time and at all times thereafter and that it therefore had no right to demand payment in excess of the regular monthly payment or to charge late fees.

114.    In violation of Md. Code Ann., Comm. Law § 14-202(3) and (5), Nationstar reported to Equifax, Experian, and TransUnion that Plaintiff's loan was delinquent for multiple months between October 2014 and the present.

115.    Nationstar knew or should have known that Plaintiff was current on her mortgage during this period and that the information was false.

116.    The information affects her reputation and creditworthiness.

117.    No statute permitted the disclosure.

118.    In violation of Md. Code Ann., Comm. Law § 14-202(8), Nationstar send Plaintiff a Notice of Intent to Foreclose on January 19, 2016.

119.    Less than two weeks later, on February 2, 2016, it sent her a letter deeming her current.

120.    Plaintiff's mortgage was current at the time Nationstar sent the Notice of Intent.

121.    Nationstar knew or should have known that the mortgage was current at the time it sent the Notice of Intent and that it therefore had no right to threaten to foreclose.

122.    In violation of Md. Code Ann., Comm. Law § 14-202(5), Nationstar sent the Notice of Intent to Plaintiff's ex-husband, though it was on notice that he had no legitimate interest in the property.

123.    No statute permitted or required Nationstar's disclosure to Mr. Meaney.

124.    The disclosure was false and affected Plaintiff's reputation.

125.    Nationstar's actions were intentional and/or reckless, or, in the alternative, negligent.

126.    As a result of Nationstar's violations of the MCDCA, Plaintiff suffered damages including, but not limited to credit denials, damage to her credit rating, late fees, and emotional distress, and is entitled to actual damages and reasonable attorney's fees pursuant to § 14-204.

## COUNT VI
## FALSE LIGHT

127.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

128.    On or about January 19, 2016, Nationstar sent a Notice of Intent to Foreclose to Plaintiff's ex-husband.

129.    Nationstar inappropriately shared the information with Plaintiff's ex-husband, though he no longer had any legal or financial relationship with her or with the property.  *See* Md. Code Ann., Comm. Law § 9-203(b)(2).

130.    Nationstar knew or should have known of Mr. Meaney no longer had any legal or financial relationship with the property because it was public record and because Plaintiff put it

15

on actual notice.

131.    Plaintiff was current on her mortgage at the time Nationstar sent the Notice of Intent to

Foreclose.

132.    The information in the Notice regarding her delinquency was, therefore, false.

133.    Nationstar recklessly disregarded the falsehood of the information when it sent the

Notice.

134.    The false implication that Plaintiff was delinquent on her mortgage was embarrassing,

particularly when shared with her ex-husband.

135.    Nationstar willfully and/or negligently shared false and embarrassing information about

Plaintiff with her ex-husband.

136.    Plaintiff and her ex-husband had a contentious divorce and an ongoing custody

relationship.  Nationstar's actions caused Plaintiff severe emotional distress and had

repercussions in her domestic relations situation.

137.    As a result of the Nationstar's wrongful acts, Plaintiff is entitled to compensatory and

punitive damages, plus costs and interest.

## COUNT VII
## DEFAMATION

138.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though

fully stated herein.

139.    On or about January 19, 2016, Nationstar sent a Notice of Intent to Foreclose to

Plaintiff's ex-husband.

140.    The Notice of Intent tends to expose Plaintiff to public scorn based on its association with

an inability to manage her financial affairs.

141.    Nationstar inappropriately shared the information with Plaintiff's ex-husband, though he

no longer had any legal or financial relationship with her or with the property. *See* Md. Code Ann., Comm. Law § 9-203(b)(2).

142.    Nationstar knew or should have known of Mr. Meaney no longer had any legal or financial relationship with the property because it was public record and because Plaintiff put it on actual notice.

143.    Plaintiff was current on her mortgage at the time Nationstar sent the Notice of Intent to Foreclose.

144.    The information in the Notice regarding her delinquency was, therefore, false.

145.    Plaintiff is not a public figure.

146.    Nationstar willfully and/or negligently shared false and embarrassing information about Plaintiff with her ex-husband.

147.    Plaintiff and her ex-husband had a contentious divorce and an ongoing custody relationship.  Nationstar's actions caused Plaintiff severe emotional distress and had repercussions in her domestic relations situation.

148.    As a result of the Nationstar's wrongful acts, Plaintiff is entitled to compensatory and punitive damages, plus costs and interest.

**COUNT VIII**
**DECLARATORY JUDGMENT**

149.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

150.    Since HSBC's Motion for Relief from Stay in Plaintiff's bankruptcy, Nationstar has routinely deemed Plaintiff delinquent on her mortgage.

151.    Nationstar variously indicated both Plaintiff, the CFPB, and to consumer reporting agencies that she is both current on her payments and delinquent.

152.    Nationstar sent Plaintiff a Notice of Intent to Foreclose in January 2016, followed immediately by a letter indicating that she is current.

153.    Plaintiff has been current on her payments since no later than October 2014.

154.    An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning the Plaintiff's loan status since the entry of the Consent Order in August 2014.

155.     Plaintiffs seek declaratory judgment from this Court that she has been current on her payments since the entry of the Order and that any actions or reports to the contrary are inaccurate.

## PRAYER FOR RELIEF

WHEREFORE, to redress the injuries caused by Defendant's conduct as stated in the foregoing paragraphs, Plaintiff hereby requests the following relief:

- an award of actual damages pursuant to 15 U.S.C. § 1640(a)(1), 15 U.S.C. § 1681n(a)(1), 12 U.S.C. § 2605(f)(A), Md. Code Ann., Comm. Law § 12-118, and MCDCA § 14-204;

- award of statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), 15 U.S.C. § 1681n(a)(1), and 12 U.S.C. § 2605(f)(B);

- for an award of costs of litigation and reasonable attorney's fees pursuant to the 15 U.S.C. § 1640(a)(3), 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1), 12 U.S.C. § 2605(f)(3), and MCDCA § 14-204;

- an award of compensatory damages based on Nationstar's tort violations

- an award of punitive damages based on Nationstar's tort violations;

- an award of pre-judgment and post-judgment interest;

- enter judgment according to the declaratory relief sought;

- an award of costs for the declaratory judgment action; and

- for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.


Dated:  Washington, D.C.                      Respectfully submitted on behalf of Plaintiffs,
August 24, 2016

_/s/ Courtney L. Weiner_
Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com

_/s/ Seth W. Diamond_
The Diamond Law Group, LLC
8613 Cedar Street
Silver Spring, Maryland 20910
PH:  301-565-5258
seth@thediamondlawgroup.com

_Attorneys for Plaintiff_